**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| National Association of<br>  Mortgage Brokers,<br><br>              Plaintiff,<br><br>              v.<br><br>Board of Governors of<br>  the Federal Reserve System, *et al.*,<br><br>              Defendants. | Civil Action No. 1:11-cv-00506 (BAH)<br>Judge Beryl A. Howell |
| National Association of Independent<br>  Housing Professionals, Inc.,<br><br>              Plaintiff,<br><br>              v.<br><br>Board of Governors of<br>  the Federal Reserve System,<br><br>              Defendant. | Civil Action No. 1:11-cv-0489 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM OPINION REGARDING MOTIONS BY PLAINTIFF NATIONAL ASSOCIATION OF MORTGAGE BROKERS FOR EXPEDITED DISCOVERY AND RECONSIDERATION OF COURT'S MARCH 11, 2011 ORDER**

On March 9, 2011, the plaintiff National Association of Mortgage Brokers ("NAMB") filed, along with its Complaint, a motion for expedited discovery from the defendants, the Board of Governors of the Federal Reserve System (the "Board") and two individuals, the Board's Chairman and the Director of the Division of Consumer and Community Affairs. Before the motion for expedited discovery could be considered, this case was reassigned and transferred to this Court since it is related to a pending case filed two days earlier by the National Association of Independent Housing Professionals, Inc. ("NAIHP") against the Board. Both actions challenge

1

a final rule, which becomes effective on April 1, 2011, issued by the Board under its unfair or deceptive authority in the Truth in Lending Act (15 U.S.C. § 1639(l)(2)), restricting certain compensation practices of loan originators relating to mortgage loans ("the Rule"), 12 C.F.R. § 226.36(a), (d); 75 Fed Reg. 58533-34 (Sept. 24, 2010).

At the time the NAMB case was transferred, a briefing schedule had already been ordered in the NAIHP matter. *See* Minute Order, No. 11-cv-489, dated Mar. 10, 2011 (ordering briefing schedule in accordance with parties' joint stipulation). The defendants moved to consolidate the two actions. Board Mot. to Consolidate Civil Actions, Nos. 11-cv-489, 11-cv-506, Mar. 10, 2011, ECF No. 8.

On March 11, 2011, the Court granted the defendants' motion to consolidate both actions, and ordered that the same briefing schedule previously ordered in the NAIHP matter apply to the new case. *See* Minute Order, Nos. 11-cv-489, 11-cv-506, dated Mar. 11, 2011. NAMB has requested that this Court, on an expedited basis, reconsider the March 11 minute order. NAMB Mem. Support of Mot. for Expedited Reconsideration, No. 11-cv-506, Mar. 14, 2011, ECF No. 11. Both the motion for expedited discovery and for reconsideration of the March 11, 2011 minute order are before the Court.

For the reasons set forth below the NAMB's motion for reconsideration of the consolidation order is DENIED and its motion for expedited discovery is GRANTED in part and DENIED in part.

I. <u>RECONSIDERATION OF MARCH 11, 2011 ORDER</u>

NAMB requests, pursuant to Rule 54(b), FED. R. CIV. P., that the Court reconsider its March 11, 2011 Order on grounds that NAMB had no opportunity to oppose the defendants' motion to consolidate and therefore had no opportunity to present to the Court pertinent facts

that, if presented, "NAMB believes that the Court would not have granted the Motion to Consolidate or would not have required NAMB to comply with the current scheduling order." NAMB Mem. Support of Mot. Expedited Reconsideration at 6, No. 11-cv-506, ECF No. 11. NAMB is incorrect. The factual arguments presented by NAMB confirm that the two actions were properly consolidated and that the briefing schedule ordered will ensure expeditious, fair and full consideration of the issues at stake.

A. Legal Standard for Consolidation

Pursuant to Rule 42(a), FED. R. CIV. P., a district court has authority to order consolidation when actions involving "a common question of law or fact" are pending before the court. FED. R. CIV. P. 42(a). Consolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court, which may consolidate related cases *sua sponte*. *Devlin v. Transp. Commc'ns. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *see also In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Young v. City of Augusta,* 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Fin. Co.,* 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.,* 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). "[C]onsolidation is

3

particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson v. District of Columbia,* 257 F.R.D. 19, 21 (D.D.C. 2009); *see also Vazquez Rivera v. Congar Int'l Corp.,* 241 F.R.D. 94, 95 (D.P.R. 2007) (explaining that consolidation is intended to avoid overlapping trials containing duplicative proof, excessive cost, and waste of valuable court time in the trial of repetitive claims, among other considerations).

Identity of the parties is not a prerequisite. To the contrary, cases may be consolidated even where certain defendants are named in only one of the Complaints or where, as here, the plaintiffs are different but are asserting identical questions of law against the same defendant. *Hanson,* 257 F.R.D. at 21; *Utah v. U.S. Dep't of Interior,* 45 F. Supp. 2d 1279, 1281 (D. Utah 1999)(ordering consolidation of cases brought by different plaintiffs against the same defendant because they presented the same issues of law and fact); s*ee also Jacobs v. Castillo,* 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure.") (citation and internal quotation marks omitted).

B. Discussion of Consolidation

NAMB argues against consolidation because it is "only seeking to challenge a small sub-section of the Board's final rule." NAMB Mem. Support of Mot. Expedited Reconsideration at 2, No. 11-cv-506, ECF No. 11. The conceded overlap in issues presented by both matters confirms the sound basis for consolidation. For example, in *Hanson v. District of Columbia,* the court consolidated two actions with the same defendant and different plaintiffs, over the plaintiffs'

objections, analogous to those posed by NAMB, that one action involved a "narrow challenge to the constitutionality" of the District's gun laws while the other action challenged "a host of other aspects of the District's gun laws." 257 F.R.D. at 21-22.

NAMB further argues that its "members are being immediately and irreparably harmed with each passing day and NAMB cannot wait until the end of the month to be heard on its motion for a temporary restraining order." NAMB Mem. Support of Mot. Expedited Reconsideration at 2, No. 11-cv-506, ECF No. 11. Consolidation of the pending matters will expedite review, however, not delay it.

In-depth review of these two interrelated actions confirms that there are extensive common questions of law and fact. NAMB, like NAIHP, claims that the Board exceeded its authority in promulgating the Rule and failed to comply with the Regulatory Flexibility Act and the Administrative Procedure Act. Both actions will be based upon the same administrative record and much of the same law. Thus, consolidation will promote the interests of judicial economy, consistency, timeliness and convenience, without being likely to trigger any substantial risk of inconvenience, prejudice, delay or expense for the Court or the litigants. Moreover, both cases are in the same procedural posture and stage of litigation, with requests from both plaintiffs for issuance of a temporary restraining order and preliminary injunctive relief. Under the circumstances, the Court finds that the gains in terms of convenience, efficiency, prompt resolution of demands for injunctive relief, and reduced burdens on the time and resources of both the Court and the litigants militate strongly in favor of consolidation. For these reasons, NAMB's motion to reconsider the Court's order consolidating the two captioned matters is DENIED.

    C. Briefing Schedule

NAMB argues that its members will suffer "extreme prejudice if forced to comply with the briefing schedule which will not be heard until the end of March at the earliest." NAMB Mem. Support of Mot. Expedited Reconsideration at 6, No. 11-cv-506, ECF No. 11. Pursuant to the Court-ordered briefing schedule, the defendants' opposition to NAMB and NAIHP's requests for a temporary restraining order and preliminary injunction was filed on March 18. Minute Order, Nos. 11-cv-489, 11-cv-506, dated Mar. 11, 2011. The briefing schedule requires NAMB to file its reply on March 25. *Id.* This schedule permits the Court to decide the motion for preliminary relief before the Rule becomes effective. If NAMB does not want to complete the briefing "at the end of March," however, nothing prevents it or NAIHP from filing their replies before that date. NAMB has not shown that the current briefing schedule is inadequate to protect its interest, nor does the NAMB propose any alternative schedule, other than presumably considering the request for injunctive relief without the benefit of hearing opposing arguments.

Moreover, in its request for expedited reconsideration of the briefing schedule, NAMB does not explain why it waited until a three short weeks before the Rule became effective to bring suit, despite the fact that the Rule's effective date was known since last August, when the Board announced its adoption of the Rule and the Rule's April 1, 2011 effective date. *See* Press Release, Board of Governors of the Federal Reserve System (Aug. 16, 2010), *available at* http://www.federalreserve.gov/newsevents/press/bcreg/20100816d.htm. In this context, NAMB's claim of a compelling need for alteration of the briefing schedule, which will enable the Court to hear fully from all parties, is not demonstrated.

II.  MOTION FOR EXPEDITED DISCOVERY

NAMB moved for expedited discovery at the same time as the filing of its Complaint, in order to develop the factual record for consideration in connection with its motion for a

preliminary injunction and to further demonstrate that NAMB is likely to succeed on the merits. NAMB Mem. Support of Mot. Expedited Discovery at 1, No. 11-cv-506, Mar. 9, 2011, ECF No. 5. Specifically, if the Court grants its motion for expedited discovery, NAMB states that it will seek production, within ten days of the Court's order, of "the entire administrative record and any documents (electronic or hard copy) relating to the Rule's restrictions on loan originator compensation." *Id.* at 3. The defendants oppose this motion for expedited discovery, arguing that (1) at most, the NAMB is only entitled to the administrative record and no other documents; and (2) while a portion of the administrative record can be produced within ten days, the full administrative record will take up to two weeks to produce. Board's Response to Order to Show Cause and Opposition to Mot. for Expedited Discovery, Mar. 17, 2011, ECF No. 13.

The defendants are correct that the APA provides that, in an action challenging an agency rulemaking, "the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706. Judicial review of any agency action under the APA "must be based on the full administrative record that was before the agency at the time the decision was made." *Stainback v. Secretary of the Navy*, 520 F. Supp. 2d 181, 185 (D.D.C. 2007) (citing 5 U.S.C. § 706 and *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971)). In an action under section 706 of the APA, the administrative record consists of "all documents and materials gathered by an agency when creating or revising a rule," other than internal deliberative materials. *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.*, 631 F. Supp. 2d 23, 26-28 (D.D.C. 2009) (citing *Citizens to Preserve Overton Park*, 401 U.S. at 419). There is "well-established presumption that an agency has properly designated the administrative record absent clear evidence to the contrary." *Id*. at 27; *accord Stainback,* 520 F. Supp. 2d at 185.

Because "judicial review of agency action is generally limited to the administrative record, discovery is typically not permitted." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) (citing *NVE, Inc. v. U.S. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d Cir. 2006) ("There is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process.")); *see also Texas Rural Legal Aid, Inc. v. Legal Services Corp.*, 940 F.2d 685, 698 (D.C. Cir., 1991)( "Ordinarily judicial review of informal agency rule-making is confined to the administrative record; neither party is entitled to supplement that record with litigation affidavits or other evidentiary material that was not before the agency," citing *Edison Elec. Inst. v. OSHA*, 849 F.2d 611, 617-18 (D.C. Cir. 1988); *Citizens to Preserve Overton Park*, 401 U.S. at 415; *Environmental Defense Fund v. Costle*, 657 F.2d 275, 284-85 (D.C. Cir. 1981)).  The NAMB has not provided any basis for altering that presumption here to be allowed to seek documents outside the administrative record.

As required in suits under the APA, the Board will provide the administrative record with respect to the Rule's restrictions on loan originator compensation as promptly as possible without the need for discovery under FED. R. CIV. P. 26.  The Board relays that it began compiling the administrative record the day the NAMB served its Complaint and that process remains underway.  The Board states that a portion of the record containing public comments is virtually complete and can be provided during the week of March 21. Board's Response to Order to Show Cause and Opposition to Mot. for Expedited Discovery, at 4, Mar. 17, 2011, ECF No. 13. The remainder of the administrative record will be compiled and ready for production within

two weeks. *Id.* The Court will therefore grant NAMB's motion for expedited discovery only as to the administrative record.[5]

III. CONCLUSION

For the foregoing reasons, NAMB's motion for reconsideration of the Court's March 11, 2011 order consolidating the two actions and applying a briefing schedule is DENIED, and its motion for expedited discovery is GRANTED in part and DENIED in part.

**SO ORDERED**.

DATED: March 21, 2011
/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[5] NAMB asks the Court to require production by the defendants within ten days of service of NAMB's discovery request. The defendants already appear to be promptly preparing responsive documents and the parties are directed to confer about a schedule for rolling production of the administrative record.